**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARL DWAYNE MCBEE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SAPULPA POLICE DEPARTMENT, )<br>)<br>    Defendant. ) | Case No. CIV-20-1042-G |

## REPORT AND RECOMMENDATION

Plaintiff Carl Dwayne McBee, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. (ECF No. 1). United States District Judge Charles B. Goodwin referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the **TRANSFER** of this action to the United States District Court for the Northern District of Oklahoma.

### I.     PLAINTIFF'S COMPLAINT

In his Complaint, Plaintiff asserts a violation of his civil rights as a result of him being "shot 5 times" during an encounter with officers from the Sapulpa Police Department (SPD). (ECF No. 1:6-7). Presumably the events occurred in Sapulpa, Oklahoma, which is located in Creek County, Oklahoma, because the shooting allegedly occurred after Plaintiff had called 911 and/or contacted the Sapulpa Police Department.

(ECF No. 1:7). Plaintiff names the SPD and Creek County in the style of the Complaint, but only names the SPD in the body of the complaint when identifying the parties to the lawsuit. *See* ECF No. 1:1,4.

## II. SCREENING OF PRISONER COMPLAINTS

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Mr. McBee is proceeding *in forma pauperis,* the Court has a duty to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

## III. VENUE

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action …." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …." 28 U.S.C. § 1391(b)(1), (2). None of the events relevant to this lawsuit are alleged to have occurred within the Western District of Oklahoma. *See* ECF No. 1. Also, the SPD is located in Creek County, Oklahoma. And, by Plaintiff's own admission, every

"part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2); *see* ECF No. 1. Creek County is located within in the Northern District of Oklahoma. 28 U.S.C. § 116(a). Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2). Accordingly, the undersigned recommends transfer to the Northern District of Oklahoma under 28 U.S.C. § 1404(a).

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends **TRANSFER** of this matter to the United States District Court for the Northern District of Oklahoma.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **December 28, 2020**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral.

ENTERED on December 11, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE